# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Gary Feinerman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6709 | **DATE** | 11-29-2010 |
| **CASE TITLE** | Darron Jackson (R-33368) v. David Rednour, et al. | | |

**DOCKET ENTRY TEXT:**

Petitioner's motion for leave to file his petition *in forma pauperis* [3] is denied. Petitioner indicates that he currently has a state habeas petition pending in state court. Within 30 day s of the date of this order, Petitioner must both: (1) pay the $5.00 statutory filing fee, and (2) inform the court of the status of his state habeas petition and whether any of the claims raised in the state habeas petition are also being raised in the federal habeas petition before this court. Petitioner's motion for the appointment of counsel [4] is denied without prejudice. Lisa Madigan is dismissed as a respondent.

■ **[For further details see text below.]**     Docketing to mail notices.

## STATEMENT

  Petitioner Darron Jackson (R-33368), a state prisoner at Menard Correctional Center, filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, challenging his 2004 conviction for murder. Petitioner seeks leave to proceed *in forma pauperis* and the appointment of counsel.
  Petitioner's motion for leave to proceed *in forma pauperis* is denied. Petitioner's financial affidavit reveals that he has a current balance of $142.93 and an average monthly balance for the six-month period before filing the instant petition of $89.99. Because Petitioner is a prisoner for whom the State provides the necessities of life, such assets do not qualify him for pauper status. *See*, *e.g.*, *Longbehn v. United States*, 169 F.3d 1082, 1083-84 (7th Cir. 1999) (citing *Lumbert v. Ill. Dep't of Corrections*, 827 F.2d 257, 260 (7th Cir. 1987)). The court thus denies his motion to file his petition *in forma pauperis*. To proceed with this action, Petitioner must pay the $5.00 statutory filing fee for habeas corpus petitions. He may pay by check or money order made payable to Clerk, United States District Court. If Petitioner does not pay the filing fee within thirty days of this order, the court will dismiss this case without prejudice.
  Petitioner states that he filed a state habeas petition on October 11, 2010. In addition to paying the filing fee, Petitioner must submit a pleading stating the status of his state habeas petition and stating if any of the claims raised in the state habeas petition are being raised in his federal habeas petition currently before this court. If an action challenging his conviction is pending in state court, the instant federal habeas proceeding may be stayed until the conclusion of the state court proceedings.
**(CONTINUED)**

isk

| STATEMENT (continued) |
|---|
|     Petitioner's motion for the appointment of counsel is denied without prejudice. Although the court can appoint counsel for an evidentiary hearing and at any time during the proceedings if the interests of justice so require, *see* Rule 8(c), Rules Governing Section 2254 Cases, the appointment of counsel is not warranted at this time.<br>    Lastly, Illinois Attorney General Lisa Madigan is dismissed as a respondent. *See Hogan v. Hanks*, 97 F.3d 189, 190 (7th Cir. 1996) (a state attorney general is a proper respondent in a habeas case only if the petitioner is not then confined); *see also* Rules 2(a) and (b) of Rules Governing Section 2254 Cases. In this case, Petitioner is not challenging a future sentence, but rather his current confinement. Therefore, the Illinois Attorney General is not a proper respondent. The proper respondent is the warden of petitioner's current place of confinement, and the warden shall be listed as the only respondent. *See Bridges v. Chambers*, 425 F.3d 1048, 1049 (7th Cir. 2005). |