UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DARRON JACKSON, | ) | |
| | ) | |
| Petitioner, | ) | 10 C 6709 |
| | ) | |
| vs. | ) | Judge Feinerman |
| | ) | |
| DAVE REDNOUR, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

Petitioner Darron Jackson, a state prisoner, filed a petition for a writ of habeas corpus. The Warden has moved to dismiss the petition for failure to comply with the one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1). According to the Warden, Jackson's state court conviction became final on December 25, 2007; the limitations period was tolled from March 24, 2008, when Jackson filed a state post-conviction petition, through November 25, 2009, when the Supreme Court of Illinois denied Jackson's petition for leave to appeal the state appellate court's affirmance of the state trial court's denial of the post-conviction petition; and Jackson did not file his petition until October 11, 2010, over one month too late.

On June 23, 2011, Jackson moved for an extension of time to respond to the Warden's motion to dismiss. Jackson does not challenge the Warden's time calculations, which the court has independently confirmed are correct. Instead, Jackson argues that he is entitled to equitable tolling because several lockdowns in his cellhouse allowed him "little or no access to the law library, reference books, copy machine, legal material, ect. [sic], that is necessary to properly present a case to the Courts." Doc. 22 at 1. In addition, Jackson notes that he could not consult

with law clerks during the lockdowns. *Ibid*. Jackson asked for more time to file his response because he wished to send a FOIA request to the State of Illinois seeking information regarding "the exact dates [his] cellhouse … was on lockdown"—information that, according to Jackson, would support his position that the lockdowns imposed a "state-created impediment" that prevented him from timely filing his habeas petition. *Id*. at 1-2.

The court granted Jackson's motion for an extension of time, and Jackson filed a document showing the days during which various cellhouses in his prison were on lockdown. Doc. 24. The document indicates that the West cellhouse, where Jackson was housed, was on lockdown at the following times: January 7-22, 2008; January 25, 2008 through February 11, 2008; February 21, 2008; March 18, 2008 through April 1, 2008; April 10, 2008 through May 5, 2008; June 30, 2008 through July 13, 2008; July 17-29, 2008; August 12, 2008 through September 9, 2008; September 14, 2008; October 17-22, 2008; October 25, 2008 through November 10, 2008; November 24, 2008 through December 14, 2008; December 29, 2008 through January 14, 2009; February 16, 2009 through March 1, 2009; March 8-23, 2009; April 6-13, 2009; April 20, 2009 through May 5, 2009; May 8, 2009; June 25, 2009 through July 12, 2009; July 15-27, 2009; September 1-14, 2009; October 3-7, 2009; October 22, 2009 through November 8, 2009; December 14-20, 2009; December 28, 2009 through January 24, 2010; January 31, 2010 through March 29, 2010; May 5-9, 2010; June 4, 2010 through July 8, 2010; July 16, 2010 through October 4, 2010; and October 14, 2010 through November 1, 2010.

The Supreme Court held in *Holland v. Florida*, 130 S. Ct. 2549 (2010), that a federal habeas petitioner "is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id*. at 2562 (internal quotation marks omitted). Jackson's inability to

consult with law clerks during the lockdowns does not warrant equitable tolling. Habeas petitioners have no right to legal representation, *see Ballinger v. United States*, 379 F.3d 427, 430 (7th Cir. 2004); *Johnson v. Daley*, 339 F.3d 582, 590 (7th Cir. 2003), let alone a right to adequate representation, *see Wilson v. United States*, 413 F.3d 685, 687 (7th Cir. 2005). It follows that Jackson's inability to obtain legal advice from prison law clerks is not an extraordinary circumstance. *See Marsh v. Soares*, 223 F.3d 1217, 1220-21 (10th Cir. 2000) (inmate law clerk's incompetence does not qualify as an extraordinary circumstance).

Jackson's inability to access the law library, legal materials, or a copy machine during the lockdowns also does not qualify as an extraordinary circumstance, at least under the facts of this case. After November 25, 2009, when his state post-conviction proceedings concluded, Jackson had approximately nine months to file his habeas petition. During those nine months, Jackson's cellhouse was not on lockdown for approximately 100 days, more than enough time to visit the legal library and consult the necessary legal materials. Accordingly, even assuming that Jackson in fact had "little or no access to the law library, reference books, copy machines, [or] legal materials" (Doc. 22 at 1) when his cellhouse was on lockdown, he has failed to show that the lockdowns warrant the application of equitable tolling. *See Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008) ("we have held that a prisoner's limited access to the prison law library is not grounds for equitable tolling"); *Jones v. Hulick*, 449 F.3d 784, 789 (7th Cir. 2006) (rejecting equitable tolling where the habeas petitioner did not have any access to the law library during sixty days in segregation and had severely limited access to the library at all other times); *Holborow v. Birkey*, 2011 WL 2462571, at *3 (C.D. Ill. June 17, 2011) ("a prisoner's limited access to the prison law library is not grounds for equitable tolling"); *Plummer v. Gaetz*, 2009 WL 458620, at *3 (N.D. Ill. Feb. 23, 2009) (rejecting equitable tolling where the petitioner was

not on lockdown for 87 of the 159 days preceding the expiration of the one-year limitations period); *Taylor v. Ryker*, 2007 WL 1280630, at *4 (N.D. Ill. Apr. 26, 2007) ("penitentiary conditions, such as segregation or lock-down, resulting in limited or no access to the prison law library, do not establish the extraordinary circumstances required to justify equitable tolling"); *Campbell v. Bartley*, 2007 WL 1257167, at *3 (C.D. Ill. Apr. 30, 2007) (rejecting equitable tolling where the petitioner was in segregation for 120 days without "access to his legal material or any adequate legal advi[c]e").

The court recognizes that Jackson's cellhouse was on lockdown during the last forty or so days of the limitations period, from July 16, 2010, through August 30, 2010. But Jackson does not contend, or even imply, that this particular lockdown period prevented him from timely filing his petition, thereby forfeiting the point. *See Alioto v. Town of Lisbon*, 651 F.3d 715, 721 (7th Cir. 2011) ("Longstanding under our case law is the rule that a person waives an argument by failing to make it before the district court. We apply that rule where a party fails to develop arguments related to a discrete issue .…") (citations omitted).

Any such contention would have failed even if it had been presented. Settled law holds that a prisoner is not entitled to equitable tolling where he waits until the end of the limitations period to file his habeas petition and, for one reason or another, ends up filing too late. *See Johnson v. McBride*, 381 F.3d 587, 590-91 (7th Cir. 2004). Jackson knew that his cellhouse regularly was placed on lockdown for extended periods of time, and thus knew of the risk that he would be on lockdown during the weeks leading up to the expiration of the limitations period. Despite that risk, Jackson chose not to file his habeas petition during the times—including March 30, 2010 through May 4, 2010, and May 10, 2010 through June 3, 2010—when he was not on lockdown. Having failed to file his petition during the non-lockdown periods, Jackson

-4-

cannot now claim that extraordinary circumstances prevented a timely filing. *See Belot v. Burge*, 490 F.3d 201, 204, 207-08 (2d Cir. 2007) (rejecting equitable tolling where a lockdown caused the prisoner to have "substantially diminished" access to the law library during the final week of the limitations period, reasoning that "[the prisoner] ought to have started his preparation earlier and filed an unpolished petition within the allotted time, rather than wait to file until after the deadline had expired"); *United States v. Cicero*, 214 F.3d 199, 203-04 (D.C. Cir. 2000) (rejecting equitable tolling where the prisoner was denied access to his legal papers during the last ten days of the limitations period and had extremely limited access to the law library for the last six months of the limitations period, reasoning that the prisoner could have filed his petition at any point during the preceding months); *Akins v. United States*, 204 F.3d 1086, 1089-90 (11th Cir. 2000) (rejecting equitable tolling where the prisoner was on lockdown during the final weeks of the limitations period, reasoning that the prisoner could have filed his petition in the months preceding the lockdown). Any conceivable doubt is eliminated by the fact that the petition Jackson eventually filed consisted largely of a filled-out version of this District's form habeas petition, which briefly described his habeas claims, attached to the portions of his state court briefs that articulated the legal and factual grounds for those claims. It therefore cannot be said that Jackson's lack of access to the law library caused his untimely filing. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) (rejecting equitable tolling where the prisoner lacked access to an adequate law library, reasoning that "the claims [the prisoner] sought to raise are similar to those raised in his direct appeal and motion for state postconviction relief, thereby undercutting his argument that lack of access caused his delay").

For these reasons, the Warden's motion to dismiss is granted and Jackson's petition is dismissed. Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court

"must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." When a petition is dismissed as untimely, a certificate of appealability should issue only if reasonable jurists would find the petition's timeliness "debatable." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, because the untimeliness of Jackson's petition is not debatable, a certificate of appealability is denied. *See ibid*. ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further. In such a circumstance, no appeal would be warranted.").

November 28, 2011                              _____
                                                        United States District Judge